# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

RAYMOND L. SEALS                    CIVIL ACTION NO. 12-2128-P

VERSUS                              JUDGE HICKS

WARDEN BURL CAIN                    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Raymond L. Seals ("Petitioner"), pursuant to 28 U.S.C. §2254.  This petition was received and filed in this court on August 8, 2008.  Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  He challenges his state court conviction, habitual offender adjudication, and sentence.  He names Warden Burl Cain as respondent.

On August 12, 2004, Petitioner was convicted of armed robbery in Louisiana's First Judicial District Court, Parish of Caddo.  On January 19, 2005, he was adjudicated a second felony offender.  On February 1, 2005, he was sentenced to 60 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of trial counsel; (2) he was denied the right to confront his accusers; (3) the bill of information was insufficient; (4) he was arrested without probable cause; (5) the prosecution withheld

exculpatory evidence; (6) the prosecution presented perjured testimony; (7) the prosecutor commented on his post-arrest silence; (8) the prosecutor commented on his personal belief of his guilt; (9) the prosecutor committed misconduct when he made improper and inflammatory statements to the jury ; (10) the identification procedure was unduly suggestive; (11) the evidence was insufficient to support his conviction; (12) he received ineffective assistance of appellate counsel; (13) his habitual offender adjudication and sentence are illegal; (14) the prosecution engaged in selective prosecution; (15) the prosecution implied reliance on and knowledge of evidence not available to the jury; (16) the prosecution mis-characterized evidence; and (17) the trial judge gave erroneous jury instructions.

For the reasons stated below, Petitioner's application for <u>habeas</u> relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

<u>Habeas</u> <u>corpus</u> relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue <u>habeas</u> relief in federal court is not unqualified.  It is well settled that a petitioner seeking federal <u>habeas</u> <u>corpus</u> relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies.  <u>See Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982); <u>Minor v. Lucas</u>, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations.  <u>See</u> <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S.Ct. 509, (1971);

Rose, 455 U.S. at 509, 102 S. Ct. at 1198.  Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim.  See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits in his petition that he has not exhausted his available state court remedies as to the claims presented in this petition  (Doc. 1, p. 9; Doc. 5, p. 3; Doc. 35, p.22; and Doc. 36, p.1 ).  Thus, Petitioner did not exhaust his state court remedies prior to filing his petition in this court.  Furthermore, because Petitioner has not raised his claims in the state courts, there is no state court ruling which procedurally bars Petitioner's claims in the state court and his claims therefore do not fall under the procedural bar exception.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 1st day of April, 2014.

Mark L. Hornsby
U.S. Magistrate Judge